IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50114
Summary Calendar

_____

ED SALAZAR,

Plaintiff-Appellant,

versus

DAN MORALES, Attorney General

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-743
- - - - - - - - - -
October 2, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff Appellant Ed Salazar appeals the dismissal of his Section 1983 complaint against Defendant-Appellee, Dan Morales. Assuming that the facts of Salazar's complaint could be construed as supporting a supervisory liability theory, the dismissal was nonetheless warranted as Salazar has pleaded no facts showing constitutional injury. Accordingly, we affirm on this ground. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

(5th Cir. 1981).

The pleadings, letters, and other communications he relies upon as constitutionally protected speech were produced in his role as assistant attorney general; they do not constitute the speech of a private citizen upon matters of public concern. <u>See Connick v. Myers</u>, 461 U.S. 138, 147 (1983). Salazar's free association claim fails since he alleged no current political rivalry between Morales and former attorney general Mattox. <u>See Correa v. Fischer</u>, 982 F.2d 935, 933 (5th Cir. 1993). Salazar cannot claim he was denied a liberty interest as his complaint does not allege defamation. Mere discharge, without specific defamatory charges, will not implicate a liberty interest. <u>Rosenstein v. Dallas</u>, 876 F.2d 392, 396 n.3 (5th Cir. 1989), <u>reinstated in pertinent part</u>, 901 F.2d 61 (5th Cir. 1990)(en banc), <u>cert. denied</u>, 498 U.S. 855 (1990). Finally, Salazar cannot assert a property interest as the personnel policies of the attorney general's office state that an assistant attorney general serves at the pleasure of the Attorney General and that the personnel policies do not create a property right. Absent state law, contract, or personnel policies conveying an expectation of continued employment, no such expectation is conveyed by the Constitution itself. <u>Board of Regents v. Roth</u>, 408 U.S. 564, 578 (1972).

AFFIRMED.